**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.   A-0068-20
                     A-1918-20

LAKEVIEW LOAN
SERVICING, LLC,

      Plaintiff-Respondent,

v.

JOLIE BATTISTA,

      Defendant-Appellant.

_____

Submitted September 20, 2021 - Decided November 22, 2021

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-018407-18.

Jolie Battista, appellant pro se.

McCabe, Weisberg & Conway, LLC, attorneys for respondent (James A. French, of counsel and on the brief).

PER CURIAM

In these two appeals, which we consolidate for purposes of this opinion, defendant Jolie Battista, self-represented, challenges two final orders entered roughly thirteen months apart, denying her motion to set aside the same sheriff's sale. Finding defendant presented no evidence of any irregularity in the sale, which generated surplus funds that remain on deposit with the Superior Court, we affirm.

The procedural history of these appeals is a morass, caused by defendant's failure to alert this court, as well as the trial court, of related pending matters and plaintiff's failure to ever advise either court of the problem.

In a nutshell, we affirmed the final judgment in this contested foreclosure action last May. See Lakeview Loan Servicing v. Battista, No. A-1558-19 (App. Div. May 13, 2021) (slip op. at 2). In that opinion, we noted the property had been sold to a third-party purchaser at sheriff's sale, that defendant's motion to vacate the sale was denied on January 16, 2020, and her motion for reconsideration was denied on March 18, 2020. Id. at 4. Defendant did not, however, raise an issue regarding the sale in A-1558-19, notwithstanding her merits brief in that case was filed months after the trial court denied her motions objecting to the sale. Plainly, defendant should have

2

timely amended her notice of appeal in A-1558-19 to raise her challenge to the sheriff's sale, thereby permitting us to resolve all issues relating to the foreclosure in one opinion and avoid these two subsequent piecemeal appeals. See Brundage v. Estate of Carambio, 195 N.J. 575, 599 (2008) (noting the "general policy against piecemeal review of trial-level proceedings").

Instead, about the time she filed her merits brief in A-1558-19, defendant filed a new appeal out-of-time, A-0068-20, challenging the denial of her first motions objecting to the sale, and failing to advise of the pending related matter in A-1558-19. Making matters worse, while those two matters were pending here, defendant filed another motion to challenge the sheriff's sale in the trial court, raising the same issues she raised in her prior two motions objecting to the sale. That motion, grossly out-of-time, see Rule 4:65-5 (providing that objections to a sheriff's sale must be filed within ten days after the sale, or at any time thereafter before delivery of the sheriff's deed) was denied by a different judge on the record on February 19, 2021.

When defendant appealed the February 2021 order in A-1918-20, she not only failed to advise the Clerk's Office of her two related pending appeals, she also advised there was no verbatim record of the judge's decision. As the second judge's February 19, 2021 order states the court's findings were placed

on the record on the date of the order, we secured the CourtSmart recording of the proceeding, which included the judge's decision.

After cutting through the procedure to get at the substance of the appeals, we find nothing there. As already noted, the property was offered at sheriff's sale and struck off to a third-party purchaser. Defendant filed a timely motion objecting to the sale, claiming she had "reason to believe" the sale was not conducted by the Sheriff of Middlesex County, the property was not sold to a third-party bidder for $267,000, the bidder never paid the balance due on his bid, and thus the highest and best price was not obtained by judicial sale, creating "an issue or irregularity with the sale."

Defendant based her belief on the sheriff's apparent failure to respond to her Open Public Records Act (OPRA) request seeking all documents relating to the "sheriff sale [that] took place on December 11, 2019." Defendant contended that because she disputed the sheriff sold the property in accordance with her published "Conditions of Sale" and no officer or employee of the Middlesex County Sheriff's Office proved otherwise, the sale should be set aside.

Included in defendant's appendix in A-1918-20, however, are documents that appear responsive to defendant's OPRA request, including the sheriff's

4

office's internal handwritten records pertaining to the sale, including the bidding, the identity of the purchaser, the purchaser's acknowledgement, and a letter from the sheriff to the purchaser acknowledging his $55,000 deposit and a balance due of $212,000 in certified funds or bank check in accordance with the conditions of sale. Defendant's appendix also contains a copy of Sheriff Mildred S. Scott's "report, statement & return of execution" to the General Equity part of the Superior Court in which she attests under oath that the property was purchased at sale for $267,000, which after the judgment amount of $227,640.16 plus fees of $11,884.84, left a surplus of $27,475, as well as a copy of the sheriff's deed to the purchaser, recorded on December 27, 2019. We have confirmed with the Superior Court Clerk's Office that $27,475 remains on deposit after defendant's motion to obtain same was denied without prejudice based on her failure to perfect her papers.[1]

Defendant reprises on appeal the same arguments she made to two different trial judges a year apart, both of whom rejected her claims as without proof. We likewise reject her claims and find them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

---

[1] The order explained why the motion was denied and provided detailed instructions as to how defendant could correct the deficiencies and obtain the surplus funds due her.

A-0068-20

Although the chancery court has the power to vacate a sheriff's sale, its exercise is limited to situations where there is "fraud, accident, surprise, irregularity in the sale, and the like, making confirmation inequitable and unjust to one or more of the parties." Crane v. Bielski, 15 N.J. 342, 346 (1954) (quoting Karel v. Davis, 122 N.J. Eq. 526, 530 (E. & A. 1937)). Because defendant failed to demonstrate such circumstances here, and her motion objecting to the sale in A-1918-20 was grossly out of time, we affirm the denial of her motions to vacate the sale in both appeals before us.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0068-20